cc: filer, DKW

Kelvin Simmons
Name

607 W. King St #324
Address

Honolulu, HE 94817
City, State, Zip

808-868-7029
Phone

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 2 2025    RR

at 9 o'clock and 30 min. A M
Lucy H. Carrillo, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

Kelvin Simmons

Plaintiffs' Name(s)

vs.

Kelvin L.
Holmx, Et Al

Defendants' Name(s)

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case Number(s)

CV 25    00307 DKW WRP

Kelvin Simmons
Print Name

Signature

7/21/25
Date

# Answer to Question 1(a) Name of Defendant's

## LIST OF DEFENDANTS – FULL CAPTIONS

Kelvin Simmons,
Plaintiff,

v.

1. **Karin L. Holma**, in her individual and official capacity as Judge of the First Circuit Court, State of Hawai'i;

2. **Lisa W. Cataldo**, in her individual and official capacity as Judge of the First Circuit Court, State of Hawai'i;

3. **John/Jane Doe**, Clerk(s) of the Court, in their individual and official capacities as employees of the First Circuit Court, State of Hawai'i;

4. **Lori Okita**, in her individual and official capacity as Court Administrator of the First Circuit Court, State of Hawai'i;

5. **John/Jane Doe**, ADA Coordinator(s), in their individual and official capacities as employees of the Judiciary, State of Hawai'i;

6. **Susan Pang Gochros**, in her individual and official capacity as Chief Staff Attorney of the Judiciary, State of Hawai'i;

7. **Jason S. Woo, Esq.**, a.k.a. Jason Woo AAL LLLC, in his individual and professional capacities, including acts under color of state law as a private actor acting in conspiracy with judicial officers and state agents;

8. **Stott Property Management LLC**, a Hawai'i Limited Liability Company, acting as managing agent for residential properties and under state-licensed brokerage authority;

9. **Timothy J. Kelley**, a.k.a. Tim Kelley, in his individual and professional capacities as the Registered Agent, Principal Broker, and 50% Shareholder of Stott Property Management LLC;

Defendants.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI'I

Kelvin Simmons,
*Plaintiff*,
v.
Karin L. Holma, in her individual and official capacity as Judge of the
First Circuit Court, State of Hawai'i;
Lisa W. Cataldo, in her individual and official capacity as Judge of the
First Circuit Court, State of Hawai'i;
John/Jane Doe, Clerk(s) of the Court, in individual and official
capacities;
Lori Okita, Court Administrator, in individual and official capacity;
John/Jane Doe, ADA Coordinator, in individual and official capacity;
Susan Pang Gochros, Chief Staff Attorney, in individual and official
capacity;
Jason Woo, Esq. a.k.a. Jason Woo AAL LLLC, in individual and
professional capacities;
Stott Property Management LLC, a Hawai'i Limited Liability
Company;
Timothy J. Kelley, a.k.a. Tim Kelley, in individual and professional
capacities as Registered Agent, Principal Broker, and 50% Shareholder
of Stott Property Management LLC,
*Defendants*.

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS
*Pursuant to 42 U.S.C. §§ 1983, 1985, 12203, and State Law*

## INTRODUCTION

This is a civil rights action under 42 U.S.C. §§ 1983, 1985, 12132, and
12203, alleging a deliberate and retaliatory conspiracy among state
actors and private individuals to obstruct court access, deny ADA
rights, and suppress Plaintiff's protected counterclaims.

Defendants abused their authority and official roles in collaboration
with private counsel and real estate interests to shield one another,
enforce a void judgment, and suppress exposure of misconduct.

Plaintiff has filed Mandamus Writs, ADA requests, and misconduct complaints, all of which were either denied, ignored, or deflected. The conspiracy includes unethical legal conflicts, judicial bias, and the administrative failure to investigate or escalate misconduct.

Plaintiff reserves the right to file exhibits through PACER E-Filing System (Account No. 8398871) upon Court approval

## JURISDICTION AND VENUE
- Jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.
- Venue under 28 U.S.C. § 1391 — all actions occurred in Hawai'i.

## PARTIES
- Plaintiff: Kelvin Simmons, a person with disabilities, Honolulu, Hawai'i
- Defendants: Judges Holma and Cataldo, Clerk(s), Court Administrator Okita, ADA Coordinator (Doe), Staff Attorney Gochros, Jason Woo, Stott Property Management LLC, and Tim Kelley

## FACTUAL ALLEGATIONS
- Plaintiff submitted a detailed administrative complaint via fax to Court Administrator Judiciary officials in July 2025.

- Response from Chief Staff Attorney Pang Gochros acknowledged misconduct complaint and denied any authority to intervene, referring Plaintiff to the Commission on Judicial Conduct.

- Judge Karin Holma and Attorney Jason Woo conspired to create a procedural trap designed to deprive Plaintiff of meaningful access to the courts, a fundamental guarantee under the Due Process Clause of the Fourteenth Amendment and actionable under 42 U.S.C. § 1983.

  This included scheduling a hearing on a facially void judgment which she created in lower court, refusing to rule on time-

sensitive motions, and advancing litigation while withholding decisions on ADA accommodation and jurisdictional challenges.

Such intentional manipulation constitutes procedural ambush in violation of Mathews v. Eldridge, 424 U.S. 319 (1976), and Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), where biased and coordinated judicial processes were held unconstitutional.

- Attorney Jason Woo, acting as opposing counsel and named as a Material Witness, and Defendant in this action, engaged in blatant ADA discrimination in filings by labeling Plaintiff's accommodation requests as "frivolous," "abusive," and "tactics," in violation of 42 U.S.C. § 12132 and 42 U.S.C. § 12203 (ADA retaliation and interference).

  These filings aimed to chill Plaintiff's exercise of protected ADA rights. Judge Holma, despite receiving multiple filings and courtesy notices, failed to rule on Plaintiff's ADA motions or admonish Woo, thereby demonstrating deliberate indifference and aiding in the ongoing discriminatory pattern, in violation of Liese v. Indian River Cnty. Hosp. Dist., 701 F.3d 334 (11th Cir. 2012), and 28 C.F.R. § 35.160(b)(2).

- Judges Karin Holma and Lisa Cataldo, in conspiracy with Jason Woo, engaged in a coordinated scheme to obstruct Plaintiff's filings and deny relief through a pattern of mutual reinforcement, conflicting orders, and retaliatory silence. These facts establish a "meeting of the minds" under 42 U.S.C. § 1985(2)–(3) and violate Plaintiff's rights under Dennis v. Sparks, 449 U.S. 24 (1980), which recognizes that judicial actors may be held liable when acting in concert with private persons to violate constitutional rights.

- Court clerks (John/Jane Doe) in the First Circuit Court participated in docket tampering by omitting, suppressing, or mislabeling Plaintiff's filings in the electronic docket (JEFS), causing loss of motion hearings, delayed rulings, and denial of procedural visibility. These actions constitute a denial of access to courts under Bounds v. Smith, 430 U.S. 817 (1977), and violate

ministerial duty and procedural due process under 42 U.S.C. §
1983.

- Plaintiff submitted ADA motions, notices of void judgment, and
  other filings via email and fax, which are recognized submission
  methods under JEFS Rule 2.7(c)(2) and in compliance with 28
  C.F.R. § 35.107. The court clerks (John/Jane Doe) intentionally
  refused to docket these filings or acknowledge receipt, acting
  outside the scope of their ministerial obligations and contributing
  to constructive denial of access to courts. These omissions also
  violate Christopher v. Harbury, 536 U.S. 403 (2002).

- On or about July 14, 2025, Plaintiff filed Motion to Strike
  Plaintiff's Counsel Jason Woo based on conflict of interest, dual
  role as named defendant and material witness, and his
  appearance in this complaint under federal jurisdiction.

  In direct retaliation, Judge Lisa Cataldo issued an order on July
  15, 2025, calculated to undermine Plaintiff's strike motion by
  attempting to have placed on the docket of jurisdictionally void
  and moot August 1, 2025 hearing, blocking reassignment, and
  allowing Woo to continue appearing despite ethical and
  procedural disqualifications. Such retaliation constitutes a
  violation of 42 U.S.C. § 1983, Soranno's Gasco, Inc. v. Morgan,
  874 F.2d 1310 (9th Cir. 1989), and Behrens v. Regier, 422 F.3d
  1255 (11th Cir. 2005).

- On July 14, 2025, Plaintiff filed a Mandamus Writ against Judge
  Cataldo in the Hawai'i Supreme Court. One day later, Cataldo
  issued a retaliatory order that exceeded the court's jurisdiction
  and involved ongoing matters under Supreme Court and
  Intermediate Court of Appeals review. This retaliatory order was
  clearly intended to interfere with the pending federal complaint
  and discredit Plaintiff's motions. Such conduct violates the
  appellate comity principles established in Ex parte Young, 209
  U.S. 123 (1908), and is prohibited under the anti-retaliation
  protections of § 1983.

- In violation of judicial restraint and appellate comity, Judge Cataldo issued orders between July 11–15, 2025, based on matters already subject to appeal and mandamus in higher courts.

- These orders were issued in error of law, constituted judicial overreach, and were intended to create a backdoor mechanism for Attorney Woo—a contested party—to enter new filings and gain strategic litigation advantage despite being ethically barred, materially conflicted, and named in pending civil rights litigation.

  This further implicates both jurisdictional abuse and collusion, actionable under Pulliam v. Allen, 466 U.S. 522 (1984).

- Clerks failed to serve orders; Plaintiff relied on a corrupted public access portal.

- ADA coordinator disclaimed responsibility despite being the designated official.

- Plaintiff filed Mandamus writs (SCPW-25-0000498 & SCPW-25-0000511), and ethics complaint against Jason Woo, and a misconduct complaint against the judges.

## EVIDENCE TO BE SUBMITTED VIA PACER

Upon approval of Plaintiff's IFP and CM/ECF e-filing access, the following exhibits will be electronically submitted:

- 1CCV-23-0001508: Dkts. 230, 276, 400–403; motions related to ADA denials, judicial bias, and void judgment challenges;

- 1CCV-24-0000518: Dkts. 19, 35, 45, 66; ADA filings and improperly sealed orders;

- Emails and communications between Plaintiff, court staff, Jason Woo, and Tim Kelley;

- **Fraudulent post-eviction invoices issued under pretext of legal fees and property damage;**

- **Proof of obstruction of JEFS filings and misrepresentation by court clerks and private counsel;**

- **Requests for accommodation rejected or ignored by judges and administrators.**

## CLAIMS FOR RELIEF

**Count I – Violation of 42 U.S.C. § 1983 (Due Process)**
**Count II – Violation of 42 U.S.C. § 1983 (Equal Protection)**
**Count III – Violation of 42 U.S.C. § 1985 (Conspiracy)**
**Count IV – Violation of ADA Title II (42 U.S.C. § 12132)**
**Count V – Retaliation under ADA (42 U.S.C. § 12203)**
**Count VI – Abuse of Process (State Law)**
**Count VII – Civil Conspiracy (State Law)**
**Count VIII – Failure to Perform Ministerial Duties & ADA Grievance Obstruction**

**Count IX – Violation of 42 U.S.C. § 1983 (First Amendment Retaliation)**
**Defendants retaliated against Plaintiff for engaging in constitutionally protected petitioning activity, including filings and complaints, through exclusionary and abusive practices.**

**Count X - Civil Conspiracy Under Color of Law**
**Jason Woo and Tim Kelley, acting under color of state law and in concert with judicial officers, violated Plaintiff's rights. *Dennis v. Sparks*, 449 U.S. 24 (1980).**

**Count XI - Abuse of Process and Litigation Fraud**
**Defendants Jason Woo, Esq., Tim Kelley, and Stott Property Management LLC engaged in deliberate misuse of legal procedures for ulterior purposes unrelated to legitimate litigation. These acts included filing pre-service fraudulent invoices, obstructing court access, evading service, and continuing to litigate while simultaneously acting as material witnesses and named defendants in related civil rights matters.**

**Such conduct constitutes abuse of process under Hawaiʻi law, which arises when a party uses legal process against another in an improper manner or to accomplish a purpose for which it was not designed. (Young v. Allstate Ins. Co., 119 Hawaiʻi 403, 198 P.3d 666 (2008)).**

**Moreover, the filing of knowingly false claims and obstructing due process are not protected by litigation privilege when done with fraudulent intent or as part of a broader civil rights conspiracy. See:**

United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 972 (9th Cir. 1999) — courts will not shield fraud cloaked in litigation privilege;

Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal.3d 1157, 1169 (1986) — litigation privilege does not apply to malicious abuse of process or fraud on the court;

Kirkeby v. Furness, 92 Hawai'i 243, 990 P.2d 268 (App. 1999) — recognizing that wrongful use of court process to harass or coerce may give rise to abuse of process claims.

Furthermore, litigation fraud—including submission of knowingly false documents or the concealment of conflicts—violates the integrity of the judicial system and supports relief under 42 U.S.C. § 1983 when it results in the deprivation of due process or equal protection (see Christopher v. Harbury, 536 U.S. 403 (2002); Dennis v. Sparks, 449 U.S. 24 (1980)).

Count XII - Violation of 42 U.S.C. § 1983 (Fraud on the Court)
The U.S. Supreme Court recognizes that fraud on the court—including the intentional use of false filings, concealment of conflicts, or perjury—violates due process:

- **United States v. Throckmorton, 98 U.S. 61, 65 (1878):**
"Fraud vitiates everything it touches, including judgments."

- **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944):**

The Court held that judgments procured through fraud on the court can be vacated and that such conduct undermines the integrity of the judicial process.

- **Christopher v. Harbury, 536 U.S. 403 (2002):**
Recognized a constitutional cause of action for denial of access to courts, including when officials engage in deceptive practices or concealment.

## PIERCING THE CORPORATE VEIL

**Jason Woo is the alter ego of Jason Woo, AAL, LLLC, and should be held personally liable. Tim Kelley used Stott Property Management LLC as a shield while directing unlawful activity. Under *United States v. Bestfoods*, 524 U.S. 51 (1998) and *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003), the veil may be pierced to prevent injustice and fraud.**

## DAMAGES AND RELIEF SOUGHT

- **Non-economic Compensatory damages: $10,000,000**
- **Punitive damages: $30,000,000**
- **Attorney-equivalent fees: $150,000**
- **Total Damages: $40,000,000**

**Non-Economic Compensatory Damages Breakdown**

| Category | Description | Amount |
|---|---|---|
| Pain & Suffering | Chronic Psychological trauma, emotional anguish, and involuntary homelessness caused by unlawful eviction, discrimination, and due process violations | $4,500,000 |
| Emotional Distress | ADA denial, retaliation, trauma from courtroom/procedural exclusion and delay | $2,500,000 |
| Constitutional Deprivation | Loss of rights to due process, equal protection, and meaningful participation | $1,600,000 |
| Reputational Harm / Humiliation | Public and judicial statements dismissing disability; denial of standing | $1,400,000 |

**Total Non-Economic Compensatory Damages: $10,000,000**

---

Punitive damages are sought in the total amount of $30,000,000 with a specific breakdown by Defendant as follows, based on each actor's level of participation, intent, authority, and willfulness in the violations alleged:

- Judges Holma & Cataldo: $10 million
- Clerks/Admins/ADA Coordinator/Gochros: $7 million
- Jason Woo Bar 8542: $5 million
- Stott Property Management LLC RB-22457  & Tim Kelley RB-19901 : $8 million

*Legal Authority: Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299
(1986); Carey v. Piphus, 435 U.S. 247 (1978); Borunda v. Richmond, 885
F.2d 1384 (9th Cir. 1988); Dang v. Cross, 422 F.3d 800 (9th Cir. 2005);
Haines v. Kerner, 404 U.S. 519 (1972); Monell v. Dep't of Soc. Servs., 436
U.S. 658 (1978); Dennis v. Sparks, 449 U.S. 24 (1980).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

1. Declaratory relief that the acts of all Defendants violated
   Plaintiff's constitutional and statutory rights;

2. Compensatory damages in the amount of $10,000,000;

3. Punitive damages against individual capacity Defendants,
   including Woo, Kelley, Holma, and Cataldo, in the amount of
   $30,000,000;

4. Prospective injunctive relief to mandate ADA compliance and
   prevent future exclusion;

5. Referral for removal of judges from bench;
6. Bar referral for disbarment of Jason Woo - Bar 8542;
7. Real Estate Commission referral to revoke licenses and bar future
   real estate activity of Stott Property Management LLC, RB-22457
   and Tim Kelley (Timothy J. Kelley) RB-19901

JURY DEMAND: Plaintiff demands trial by jury on all triable issues.

Filed by:
/s/ Kelvin Simmons
Kelvin Simmons, Pro Se
Honolulu, Hawai'i
Date: July 20, 2025

7/22/25

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI'I

Kelvin Simmons,
*Plaintiff*,
v.
Karin L. Holma, in her individual and official capacity as Judge of the
First Circuit Court, State of Hawai'i;
Lisa W. Cataldo, in her individual and official capacity as Judge of the
First Circuit Court, State of Hawai'i;
John/Jane Doe, Clerk(s) of the Court, in individual and official
capacities;
Lori Okita, Court Administrator, in individual and official capacity;
John/Jane Doe, ADA Coordinator, in individual and official capacity;
Susan Pang Gochros, Chief Staff Attorney, in individual and official
capacity;
Jason Woo, Esq. a.k.a. Jason Woo AAL LLLC, in individual and
professional capacities;
Stott Property Management LLC, a Hawai'i Limited Liability
Company;
Timothy J. Kelley, a.k.a. Tim Kelley, in individual and professional
capacities as Registered Agent, Principal Broker, and 50% Shareholder
of Stott Property Management LLC,
*Defendants*.


## DECLARATION OF KELVIN SIMMONS

I, Kelvin Simmons, hereby declare under penalty of perjury pursuant to
28 U.S.C. § 1746:

1. I am the Plaintiff in the above-captioned action. I am competent to
testify to the matters set forth herein, and I make this declaration in
support of my civil rights complaint filed pursuant to 42 U.S.C. §§ 1983,
1985, 12132, and 12203.

2. I have personally prepared and reviewed the contents of the
Complaint and verify that all factual allegations made therein are true
and correct to the best of my knowledge, information, and belief.

3. The actions of the named defendants, including the judiciary, court staff, plaintiff's counsel, and private real estate defendants, have resulted in ongoing violations of my constitutional, statutory, and civil rights, including rights protected under the Americans with Disabilities Act and the Fair Housing Act.

4. I have filed related judicial complaints and disciplinary complaints, including:
- Mandamus Writs against Judges Holma and Cataldo (SCPW-25-0000498 and SCPW-25-0000511);
- Ethics complaint against Jason Woo, Esq. with the Hawai'i Office of Disciplinary Counsel and Hawaii Civil Rights Commission;
- Judicial misconduct complaints against Judges Holma and Cataldo with the Hawai'i Commission on Judicial Conduct.

5. I affirm that I have not received court-issued service in compliance with due process and was forced to rely on public access systems with verified inaccuracies and omissions. These actions caused procedural harm, retaliation, and obstruction of filings.

6. I preserve the right to submit exhibits and evidence in support of my claims via PACER upon approval of e-filing access (PACER Account No. 8398871).

7. I submit this declaration in good faith and request that the Court take judicial notice of all filings and related administrative proceedings referenced in my complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20 July 2025, in Honolulu, Hawai'i.

/s/ Kelvin Simmons
Kelvin Simmons
Pro Se Plaintiff
Honolulu, Hawai'i