IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KELVIN SIMMONS,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE KARIN L. HOLMA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00307-DKW-WRP<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY, (2) GRANTING DEFENDANTS KARIN HOLMA AND LISA CATALDO'S MOTION TO DISMISS, AND (3) DISMISSING DEFENDANTS HOLMA AND CATALDO WITH PREJUDICE** |

On December 22, 2025, the Court dismissed with leave to amend certain claims asserted by Plaintiff Kelvin Simmons against the "State Defendants", including Defendants Karin Holma and Lisa Cataldo (Holma and Cataldo, referred to herein as the "Moving Defendants"). In particular, the claims for monetary damages against the Moving Defendants were dismissed on the ground of judicial immunity because both Moving Defendants are judicial officers of the State of Hawaiʻi and all of their alleged acts related to the judicial process. The Court further explained that, to the extent Simmons filed an amended complaint, he must advance plain statements concerning the specific action or inaction of a specific defendant and how the same violated a specific legal right.

On January 5, 2026, Simmons filed an Amended Complaint against an array of Defendants, including the Moving Defendants, other alleged judicial and State

officers, and "private" actors.   Dkt. No. 186.   On January 20, 2026, the Moving

Defendants moved to dismiss the Amended Complaint, arguing, among other

things, that any claims against them are barred by judicial immunity and/or fail to

state a claim.   Dkt. No. 202.   Simmons opposes dismissal and also seeks leave to

file a "sur-reply" in support of his opposition.   Dkt. No. 219.

Upon review, the motion to dismiss, Dkt. No. 202, is GRANTED because

the claims against the Moving Defendants are clearly deficient in various respects.

First, any claim for monetary damages is barred by judicial immunity because, to

the extent conduct can be construed from the vague allegations of the Amended

Complaint, it relates to the judicial process pursued by Judges Holma and Cataldo.

Second, any claim for declaratory and/or injunctive relief is deficient because the

Amended Complaint fails to allege any specific conduct of the Moving

Defendants, as required.   In fact, this deficiency—a failure to allege specific

conduct committed by a specific Defendant—plagues *all* of the claims in the

Amended Complaint.   Further, because Simmons has been advised of the need to

allege claims in compliance with the foregoing and failed to do so, leave to amend

is not warranted here.   Therefore, for the reasons discussed more fully below, the

claims against the Moving Defendants are DISMISSED WITH PREJUDICE.

Simmons' motion for leave to file a sur-reply is DENIED.

2

## BACKGROUND[1]

On December 22, 2025, the Court (1) granted in part and denied in part the State Defendants' motion to dismiss, (2) dismissed the Complaint with leave to amend, and (3) denied a lengthy list of motions Simmons filed seeking various forms of non-dispositive relief.   Dkt. No. 185.   As pertinent here, the State Defendants' motion to dismiss was granted to the extent it sought dismissal of claims for monetary damages against the Moving Defendants, *i.e.*, Judges Holma and Cataldo, on the ground that such claims were barred by judicial immunity. Specifically, the Court found that, in the Complaint, all of the alleged acts of the Moving Defendants related to the judicial process.   Nonetheless, the Court permitted Simmons, a litigant proceeding without counsel and without prior guidance, leave to amend the Complaint.   The Court warned, however, that, should Simmons choose to amend, he must offer short and plain statements of, among other things, exactly what each defendant did or failed to do, the name of the specific defendant who so acted or failed to act, and how such action or inaction resulted in the violation of a legal right.

---

[1]The Court assumes the reader's familiarity with the Background of this case, as set forth in the December 22, 2025 Order.   Dkt. No. 185 at 2-7.   This Order continues the Background from where the December 22, 2025 Order left-off.

3

On January 5, 2026, Simmons filed the Amended Complaint—the operative

pleading in this case.   Dkt. No. 186.   The Amended Complaint names at least 13

Defendants, including the Moving Defendants, three other Judges of the State of

Hawaiʻi, the Attorney General and three Deputy Attorneys General of the State of

Hawaiʻi, and three "private" actors, along with up to 20 "Doe" Defendants.

According to Simmons, the "gravamen of this action is a defense-confirmed

Poison Origin/Poison Tree sequence[,]" with the "poison origin" being an

unidentified "jurisdictionally defective initiating act in the District Court of the

First Circuit—Case No. 1DRC-23-0006533[.]"   *Id*. at 3.[2]   From this, Simmons

asserts five claims for (1) denial of due process, (2) disability discrimination, (3)

violation of the Supremacy Clause, (4) civil conspiracy, and (5) retaliation.

Simmons also seeks declaratory, injunctive, and monetary relief.   Although the

Amended Complaint is unclear, arguably, these claims and forms of relief are

asserted against all Defendants.

On January 20, 2026, the Moving Defendants moved to dismiss the

Amended Complaint.[3]   Dkt. No. 202.   They argue that the Amended Complaint

---

[2]Because the paragraphs and pages of the Amended Complaint are not sequentially or
consecutively numbered, the Court cites to page numbers in the top-right corner of said
document instead, *e.g.*, "Page 3 of 31".   The Court does the same with Simmons' other filings.
[3]As of this date, the docket for this proceeding does not reflect execution of service of the
summons on many of the named Defendants.

4

should be dismissed without further leave to amend because: (1) Simmons fails to

offer short and plain statements of his claims in compliance with the December 22,

2025 Order and the Federal Rules of Civil Procedure; (2) claims for monetary

damages are barred by the Eleventh Amendment; (3) claims for injunctive relief

are barred by the *Ex Parte Young* doctrine, 209 U.S. 123 (1908); (4) claims are

barred by qualified immunity; and (5) any claim under 42 U.S.C. Section 1983

fails to state a claim.

Simmons has filed a response to the motion to dismiss.   Dkt. No. 216.

Liberally construing the same, Simmons argues that the motion to dismiss attempts

to "[r]eopen issues" already litigated and "ignore[es]" the Amended Complaint.

*Id*. at 8-9.   Simmons further argues that the "poison origin" of a State litigation

was "[tr]riggered" by a filing—identified only as "Dkt. 11"—that "[i]njected

federal jurisdictional issues into the state proceeding".   *Id*. at 10.   Simmons also

argues that judicial immunity does not shield "non-judicial acts", "administrative

conduct", and "actions taken without jurisdiction".   *Id*. at 15.   Presumably as

examples of these matters, Simmons appears to contend that Judge Holma is not

protected by judicial immunity because a "judgment" and "writ of possession" she

entered are "void".   *Id*. at 15-18.   As for Judge Cataldo, Simmons asserts that she

is not entitled to immunity because, in denying "reinstatement relief", she

"[p]reserve[ed] the effects of the void writ" and "[r]einforc[ed]" the unlawful enforcement outcome".  *Id*. at 23-24.   Simmons continues that his "claims target post-trigger conduct", including unidentified "[p]rocedural obstruction", "[r]ecord manipulation", and "[a]dministrative interference".  *Id*. at 27.

On February 19, 2026, the Moving Defendants replied to Simmons' response.   Dkt. No. 218.   The Moving Defendants argue that: the response asserts "new allegations and claims" that should be disregarded; such "new" matters, if considered, do not cure the deficiencies with the Amended Complaint; they are entitled to judicial immunity; and the Amended Complaint should be dismissed with prejudice.   *Id*. at 2.

One day later, on February 20, Simmons moved for leave to file a sur-reply. Dkt. No. 219.   Simmons asserts that the Moving Defendants reply (1) "[c]haracterizes" the response as "introducing new allegations", (2) "[r]eframes the structural posture established by EO 185, and (3) "[n]arrows" the "constitutional discussion…."  *Id*. at 2.   The motion for leave to file a sur-reply, Dkt. No. 219, is DENIED.   Contrary to Simmons' suggestions, the reply brief merely addresses arguments made in his opposition—many of which the Moving Defendants accurately describe as making "new" allegations or, at least, embellishing

6

allegations made in the Amended Complaint.   As a result, there is simply no basis to allow further briefing in this case.

With briefing, therefore, complete, the Court now addresses the motion to dismiss.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff."   *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted).

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires."   Fed.R.Civ.P. 15(a)(2).   Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in

7

bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency.  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

As mentioned, the Moving Defendants request dismissal of the Amended Complaint on various grounds, including judicial immunity and the failure to follow pleading instructions in the December 22, 2025 Order.   Because these matters are ones previously addressed and identified for Simmons to cure and/or follow, the Court begins its discussion below with the same.

A.      *Judicial Immunity*

In the December 22, 2025 Order, the Court explained to Simmons that his claims for monetary damages against the Moving Defendants were subject to dismissal because all of their alleged conduct was related to the judicial process. Dkt. No. 185 at 13-14.   The Amended Complaint does nothing to remedy this deficiency.   Instead, if anything, the Amended Complaint *takes a step back* from the already deficient Complaint.   Specifically, in the Complaint, Simmons at least, on occasion, alleged that a specific Defendant committed a specific act, such as "scheduling a hearing", "refusing to rule", and "issu[ing]" orders.   Dkt. No. 1 at 4-

8

6.   In the Amended Complaint, however, Simmons does not do even that. Instead, he groups all five of the so-called "Judicial Defendants" and alleges that they acted.   It is entirely unclear, however, which Defendant committed any particular act or committed no act.   This is clearly deficient, especially as it relates to the Moving Defendants.   Second, the acts alleged—"void assignment, record transmission, and docket activity"—are hopelessly vague.   *See* Dkt. No. 186 at 12. Even liberally construed, though, they concern acts related to the judicial process within the context of Simmons' claims, given that "docket" activity, "assignment", and "record" transmission clearly all relate to judicial matters, whether or not Simmons properly characterizes them as "administrative and ministerial".

   In his response, Simmons attempts to ameliorate the vague and unspecific allegations of the Amended Complaint by, at best, supplementing the same with further factual enhancement.   For example, unlike in the Amended Complaint, Simmons contends that a specific Defendant—Judge Holma—committed a specific act—entering a "void" judgment.   Dkt. No. 216 at 15.   Similarly, he asserts that Judge Cataldo denied a "reinstatement" request.   *Id*. at 22.   As an initial matter, because these allegations were not made in the Amended Complaint, Simmons would need to seek leave to amend to pursue them further in this case. Leave to amend, however, is unnecessary because the allegations are clearly

*in*sufficient as they are of the same "classic fare" that is barred by judicial immunity.   *See* Dkt. No. 185 at 14 (citing *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)).   To the extent Simmons attempts to avoid this clear fact by contending that the judgment or denials entered by the Moving Defendants were "void", and, thus, presumably, "in the clear absence of jurisdiction", this too fails, given that Simmons provides not one factual allegation to support the suggestion that any act by the Moving Defendants in the course of the judicial process was "void" or committed in the absence of jurisdiction.[4]

Therefore, in light of the vague and grouped allegations in the Amended Complaint, and the clear deficiencies with Simmons' allegations in the response, the Moving Defendants are entitled to judicial immunity from any claim arguably asserted against them for monetary damages.   Simmons is also not entitled to further leave to amend any such claim(s) because he has had opportunities, both in the Amended Complaint and the response, to cure the identified deficiencies, and has failed to do so.

---

[4]Similarly, to the extent Simmons believes that the Moving Defendants' acts were "void" due to the so-called "poison chain" he has concocted, *see* Dkt. No. 216 at 22, again, he provides not one factual allegation to support any such "poison[ous]" charge.

10

B.    *Basic Pleading Instructions*

In the December 22, 2025 Order, the Court explained to Simmons that, should he choose to file an amended complaint, he was required to follow basic pleading requirements by alleging short and plain statements of his claims.   Dkt. No. 185 at 16-17.   Specifically, he was required to state the legal right violated, the name of the specific defendant(s) who violated a right, exactly what each defendant did or did not do and when, how the action or inaction violated a right, and the specific injury suffered as a result.   As mentioned, Simmons elected to file an amended complaint.   He did not, however, come close to following the above-mentioned pleading requirements with respect to any of his claims against any of the Defendants and, as pertinent here, with respect to the Moving Defendants.

Notably, in addition to claims for monetary damages, which have been discussed and dismissed above, Simmons also seeks injunctive and declaratory relief.   Those requests and claims, though, are replete with generalized and conclusory allegations.   For example, Simmons alleges that "Defendants' post-notice conduct violated the Supremacy Clause" and that he seeks "injunctive relief prohibiting Defendants from continuing retaliatory, obstructive, or discriminatory conduct arising from the poison-origin foundation…."   Dkt. No. 185 at 22-23.   Simmons also alleges that "Defendants engaged in non-judicial/administrative

11

interference", "Defendants engaged in deliberate indifference", "state actors

proceeded with post-jurisdiction actions", "[s]tate and private actors coordinated

post-notice to advance and enforce a defense-confirmed poisoned foundation", and

"Defendant retaliated through post-jurisdiction procedural maneuvers".   *Id*. at 14-

16.

The deficiencies with the foregoing are numerous.   First, the Amended

Complaint fails to state the name of any specific Defendant that violated Simmons'

rights.   Instead, it is simply all "Defendants", all "state actors", and/or all "private

actors".   Second, the Amended Complaint contains not one *factual* allegation of

any "post-notice conduct", or even the nature of the alleged "notice".   The same is

true of the so-called "poison origin foundation", "interference", "deliberate

indifference", and "retaliat[ion]".   Therefore, other than through conclusory

assertions, the Amended Complaint does not state what any specific Defendant did

or failed to do and when, how any legal right was violated, or any injury Simmons

suffered.   In other words, the Amended Complaint fails on *every one* of the basic

pleading requirements identified in the December 22, 2025 Order.[5]   As a result,

---

[5]So the record is clear, these failures are not cured by the allegations in Simmons' opposition
brief that Judges Holma and Cataldo committed certain specific acts, such as entering a "void"
judgment.   As discussed, there is no *factual* allegation, either in the Amended Complaint or the
response, even suggesting how the judgment and orders could be considered "void", other than
Simmons' apparent disagreement with the same.   Basing any claim on such assertions,

beyond judicial immunity, *all* claims and relief sought against the Moving

Defendants must be dismissed for failure to state a claim.    Further, because

Simmons was notified of the foregoing pleadings requirements and failed in every

respect, he is not entitled to an additional opportunity to amend.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss, Dkt. No. 202, is

GRANTED, and Defendants Holma and Cataldo are DISMISSED WITH

PREJUDICE from this action.[6]

Simmons' motion for leave to file a sur-reply, Dkt. No. 219, is DENIED.

IT IS SO ORDERED.

DATED: March 30, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

Kelvin Simmons v. Judge Karin L. Holma, et al; Civil No. 25-00307 DKW-WRP;
**ORDER (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUR-REPLY, (2) GRANTING DEFENDANTS KARIN HOLMA AND LISA
CATALDO'S MOTION TO DISMISS, AND (3) DISMISSING
DEFENDANTS HOLMA AND CATALDO WITH PREJUDICE**

---

therefore, would not bring the same to the level of plausibility required by federal pleadings rules.

[6]Because it is unnecessary, the Court does not address any other reason for dismissal raised by the Moving Defendants.

13