IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| KELVIN SIMMONS,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE KARIN L. HOLMA, *et al.*,<br><br>Defendants. | Case No. 25-cv-00307-DKW-WRP<br><br>**ORDER (1) REVOKING LEAVE TO PROCEED IN FORMA PAUPERIS (IFP) AND (2) DISMISSING CASE FOR FAILURE TO STATE A CLAIM** |

On July 25, 2025, three days after the initiation of this case, the Court granted Plaintiff Kelvin Simmons' application to proceed in district court without prepaying fees or costs (IFP Application) and directed service of the original Complaint. Dkt. No. 9. In doing so, the Court observed that service of the Complaint was appropriate given the initial stages of the case and the lack of a response at that time from any of the Defendants, while acknowledging the likely existence of defenses to the claims.

Eight months later, in March 2026, the nature of this case has become considerably more apparent. Simmons has filed well-over a hundred documents, none of which have resulted in any relief, certain Defendants moved to dismiss the Complaint, Dkt. No. 127, the original Complaint has been dismissed with leave to amend, Dkt. No. 185, Simmons has filed an Amended Complaint, Dkt. No. 186,

two Defendants moved to dismiss the same, Dkt. No. 202, and, on this date, the Court dismissed those Moving Defendants with prejudice from this case, Dkt. No. 220.   In that Dismissal Order, the Court found that judicial immunity barred certain claims against the Moving Defendants.   The Court also found that *all* claims against the Moving Defendants were subject to dismissal with prejudice because the Amended Complaint did not come close to satisfying basic federal pleading requirements in any respect.   Namely, the Amended Complaint asserts all claims against a generalized group of "Defendants", makes no meaningful factual allegations, and relies upon conclusory and vague assertions of wrongdoing.   In addition, because Simmons had been advised of the pleading standards and how to meet them, and nonetheless failed to follow the same in the Amended Complaint, further leave to amend was unwarranted.

The Court's findings in the Dismissal Order apply equally to *all* claims in this action and *all* Defendants.   Specifically, to repeat in relevant part:

> The deficiencies [with the Amended Complaint] are numerous. First, the Amended Complaint fails to state the name of any specific Defendant that violated Simmons' rights.   Instead, it is simply all "Defendants", all "state actors", and/or all "private actors".   Second, the Amended Complaint contains not one *factual* allegation of any "post-notice conduct", or even the nature of the alleged "notice". The same is true of the so-called "poison origin foundation", "interference", "deliberate indifference", and "retaliat[ion]". Therefore, other than through conclusory assertions, the Amended Complaint does not state what any specific Defendant did or failed to

2

do and when, how any legal right was violated, or any injury Simmons suffered.   In other words, the Amended Complaint fails on *every one* of the basic pleading requirements identified in the December 22, 2025 Order.

Dkt. No. 220 at 12.

In this light, it is not only evident that the Amended Complaint fails to state a claim upon which relief may be granted, but Simmons is unable to do so.   In such a situation, the pertinent federal statute is clear: "the court *shall* dismiss the case *at any time* if the court determines that…the action or appeal…fails to state a claim on which relief may be granted[.]"   28 U.S.C. § 1915(e)(2)(B) (emphasis added); *see, e.g.*, *Collier v. President of Stanford*, 2023 WL 3035392, at *1 (N.D. Cal. Jan. 19, 2023) (revoking IFP status where the plaintiff "failed to state a valid claim" and "filed multiple convoluted and frivolous" documents).

Therefore, because Simmons' pleadings fail to state a claim for relief, his IFP status is REVOKED, and this action is DISMISSED as to all Defendants, pursuant to Section 1915(e)(2)(B).   After entry of this Order, the Clerk is directed to enter Judgment and then close this case.

IT IS SO ORDERED.

DATED: March 30, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

3